**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAMES C. STRADER,**

                                **Petitioner,**

            **v.**                                                    **CASE NO. 22-3114-SAC**

**STATE OF KANSAS, et al.[1],**

                                **Respondents.**

## NOTICE AND ORDER TO SHOW CAUSE

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254[2] by Petitioner James C. Strader, a Kansas prisoner proceeding pro se. Also before the Court is Petitioner's motion to proceed in forma pauperis. (Doc 2.) The Court will defer ruling on the motion to proceed in forma pauperis pending Petitioner's response to this order. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety.

---

[1] Petitioner has named the State of Kansas and Jeff Zmuda as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Chandler Cheeks, the current warden of Lansing Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Petitioner also includes claims arising under other federal statutes, but he initiated this action by filing a form petition for federal habeas claims under § 2254.

**Background**

In May 2003, in Johnson County, Kansas, Petitioner pled guilty to and was convicted of kidnapping and attempted rape, which are hereinafter referred to as the Johnson County convictions. *See* Online Records of Johnson County, Kansas, Case No. 03CR389. The following month, the Johnson County District Court sentenced him to a controlling sentence of 233 months in prison. *Id.* Petitioner did not appeal the Johnson County convictions or sentences.

In June 2005, a jury in Reno County, Kansas convicted Petitioner of aggravated kidnapping, rape, and aggravated burglary, which are hereinafter referred to as the Reno County convictions. *See* Online Records of Reno County, Kansas, Case No. 2003-CR-173; *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008. The following month, the Reno County District Court sentenced him to a controlling sentence of 852 months in prison, to be served consecutively to the sentences imposed for the Johnson County convictions. Petitioner appealed the Reno County convictions. The Kansas Court of Appeals affirmed his convictions in 2007 and the Kansas Supreme Court denied review in 2008. *Id.*

In June 2019, Petitioner filed in this Court a civil rights complaint seeking relief under 42 U.S.C. § 1983. *Strader v. Werholtz*, Case No. 19-cv-3102-SAC. The following month, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Reno County convictions. *See Strader v. Kansas*, 798 Fed. Appx. 222, 223 (10th Cir. 2019). On October 2, 2019, the Court dismissed the petition as time-barred. *Strader v. State*, Case No. 19-cv-3137-SAC, 2019 WL 4858308 (D. Kan. Oct. 2, 2019). Two days later, the Court dismissed Petitioner's §

1983 action for failure to state a claim upon which relief could be granted. *Strader v. Werholtz*, 2019 WL 4917899 (D. Kan. Oct. 4, 2019) (unpublished memorandum and order).

On October 28, 2019, Petitioner filed a second § 1983 action in this Court. *Strader v. Kansas*, 19-cv-3218-HLT. While that case was proceeding through the initial stages, Petitioner appealed to the Tenth Circuit the dismissals of his § 2254 and his first § 1983 actions; in orders issued on December 30, 2019, the Tenth Circuit denied relief in both appeals. *Strader v. Kansas*, 798 Fed. Appx. at 222-23; *Strader v. Werholtz*, 798 Fed. Appx. 99, 99-100 (10th Cir. Dec. 30, 2019) (unpublished order and judgment).

On January 3, 2020, while his second § 1983 action was pending in this Court, Petitioner filed a third § 1983 action and a second petition for federal habeas relief under § 2254 challenging the Reno County convictions. *Strader v. Reno County District Court*, Case No. 20-cv-3001-SAC; *Strader v. Schroeder*, Case No. 20-cv-3002-SAC. Four days later, the Court dismissed the second § 2254 action because this Court lacks jurisdiction to consider the merits of a second or successive § 2254 petition unless the petitioner first obtains an order from the Tenth Circuit Court of Appeals authorizing such consideration. The Court noted that it could transfer the matter to the Tenth Circuit in the interest of justice, but concluded that the interest of justice did not so require. *Strader v. Schroeder*, Case No. 20-cv-3002-SAC, Doc. 4.

On March 9, 2020, the Court dismissed Petitioner's third § 1983 action for failure to state a claim on which relief could be granted. *Strader v. Butler & Associates, P.A.*, 2020 WL 1138519 (D. Kan. Mar. 9, 2020) (unpublished memorandum and order).

On May 12, 2020, Petitioner filed a fourth § 1983 action in this Court. *Strader v. Tenth Circuit Court of Appeals*, Case No. 20-cv-3135-JWB-ADM.

On June 5, 2020, the Court dismissed Petitioner's second § 1983 action without prejudice under Federal Rule of Civil Procedure 41(b) based on Petitioner's failure to comply with orders issued in that matter. *Strader v. Kansas*, 19-cv-3218-HLT, Doc. 123. Petitioner appealed.

On July 13, 2020, while his fourth § 1983 action was pending in this Court, Petitioner filed a fifth § 1983 action. *Strader v. Kelly*, Case No. 20-cv-3187-SAC. Because by this time Petitioner was subject to the three-strikes provision under 28 U.S.C. § 1915(g) and the complaint did not show that he was in imminent danger of serious physical injury, the Court denied Petitioner's motion to proceed in forma pauperis and gave Petitioner time to pay the full filing fee. *Id.* at Doc. 4. Petitioner failed to pay the fee by the set deadline, so on August 11, 2020, the Court dismissed the matter without prejudice under Rule 41(b). *Id.* at Doc. 8.

Petitioner filed his sixth § 1983 action in this Court on December 1, 2020. *Strader v. Kansas*, 20-cv-3298-EFM-TJJ. On December 7, 2020, the Court dismissed Petitioner' fourth § 1983 action without prejudice for failure to submit the filing fee as directed. *Strader v. Tenth Circuit Court of Appeals*, Case No. 20-cv-3135-JWB-ADM, Doc. 94. On December 22, 2020, the Court dismissed Petitioner's sixth § 1983 action at Petitioner's request. *Strader v. Kansas*, 20-cv-3298-EFM-TJJ, Doc. 16.

On December 31, 2020, the Tenth Circuit affirmed the dismissal of Petitioner's second § 1983 action. *Strader v. Kansas*, 832 Fed.

App. 570 (10th Cir. Dec. 31, 2020) (unpublished order and judgment). On January 26, 2021, the Tenth Circuit dismissed for lack of prosecution Petitioner's appeal from the dismissal of his fourth § 1983 action. *See Strader v. Tenth Circuit Court of Appeals*, Case No. 20-3135-JWB-ADM, Doc. 107.

On August 18, 2021, Petitioner filed a third § 2254 petition challenging his Reno County convictions. *Strader v. State*, Case No. 21-cv-3184-SAC. The following day, the Court dismissed the matter as an unauthorized successive § 2254 petition over which it lacked jurisdiction. *Id.* at Doc. 5. On September 1, 2021, Petitioner filed his seventh § 1983 action. *Strader v. Kansas*, Case No. 21-cv-3204-SAC. As with Petitioner's fifth § 1983 action, the Court denied Petitioner's motion to proceed in forma pauperis due to the three-strikes provision and, when Petitioner failed to pay the filing fee in full by the date set by the Court, the Court dismissed the matter. *Id.* at Doc. 3, 8.

On November 29, 2021, Petitioner filed suit in the United States District Court for the Southern District of Georgia, naming as defendants the State of Kansas, the United States Court of Appeals for the Tenth Circuit, the Kansas Department of Corrections, and the Kansas Organization of State Employees. *See Strader v. Kansas*, Case No. 21-cv-3275-SAC, Doc. 5 (D. Kan.). The United States District Court for the Southern District of Georgia transferred the matter to this Court, which conducted an initial screening of the complaint filed therein.

The complaint appeared to identify claims sounding in habeas—challenging both the Reno County convictions and the Johnson County convictions—and claims properly brought under § 1983. *See id.* at

Doc. 6. Thus, this Court issued an order dismissing the habeas challenges to the Reno County convictions as unauthorized successive § 2254 claims. *Id.* The Court further informed Petitioner that if he intended to challenge his Johnson County convictions, he must do so in habeas and on court-approved forms. Finally, the Court reminded Petitioner that because of the three-strikes provision, Petitioner was required to pay the § 1983 filing fee in full before his § 1983 claims could proceed. *Id.* On December 21, 2021, the Court granted Petitioner's motion to dismiss the matter without prejudice. *Id.* at Doc. 14.

On March 22, 2022, Petitioner filed another § 1983 action in this Court. *Strader v. Kansas*, Case No. 22-cv-3054-SAC. The Court denied his motion to proceed in forma pauperis under the three-strikes provision and gave Petitioner time to pay the filing fee in full. *Id.* at Doc. 7. When Petitioner failed to do so by the deadline set by the Court, the Court issued an order on April 11, 2022, dismissing the action without prejudice pursuant to Rule 41(b). *Id.* at Doc. 10.

On June 8, 2022, Petitioner filed the § 2254 petition that now comes before the Court. (Doc. 1.)

**The Current Petition**

When he filed his petition (Doc. 1) and motion to proceed in forma pauperis (Doc. 2), Petitioner also filed a letter to the Court (Doc. 3) explaining that "this is a combined file" with claims arising under 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 2254. In the petition, he alleges that he is challenging both the Reno County convictions and the Johnson County Convictions and that he suffered injuries while in custody that are compensable under § 1983. (Doc.

1, p. 1-2.)

As Ground One, Petitioner asserts he is actually innocent. *Id.* at 5. As Ground Two, Petitioner alleges he received ineffective assistance of counsel. *Id.* at 6. As Ground Three, Petitioner alleges that the State violated his rights under *Jencks v. United States*, 353 U.S. 657 (1957), and *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 1, p. 8.) As Ground Four, Petitioner asserts that the Kansas state courts refused to provide transcripts for use in his appeals, failed to transport him to court for appearances in 2020, and blocked certain results on LexisNexis. *Id.* at 9. Petitioner asks to be released, that his sentences be vacated and his record expunged, and that the Court award him damages. *Id.* at 14.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Discussion**

### § 1983 Claims

First, to the extent that Petitioner seeks to bring claims under § 1983 in his current petition, Local Rule 9.1(a) requires prisoners to bring § 1983 claims on an official, court-approved form. Petitioner is directed to show cause, in writing, why the § 1983 claims in this matter should not be dismissed without prejudice to refiling on the proper form. If he fails to do so, the Court will dismiss the § 1983 claims in this matter without further prior notice to Petitioner.

In addition, the Court will direct the clerk to send Petitioner the appropriate form. If Petitioner wishes to do so, he may submit a complete and proper complaint raising the claims for which relief may be sought under 42 U.S.C. § 1983. The Court notes that on June 13, 2022 Petitioner filed a form complaint under this case number. (Doc. 9.) That document will not be considered by the Court, as § 1983 claims must be brought in a separate and distinct proceeding. If Petitioner wishes to pursue claims under § 1983, he must submit a complete and proper complaint, on court-approved forms, which will be assigned a unique case number and will proceed independently of this federal habeas action. Petitioner is reminded, however, that he remains subject to the three-strikes provision of 28 U.S.C. § 1915(g). Thus, he may proceed in forma pauperis in any § 1983 action *only* if he shows that he is "under imminent danger of serious physical injury." If he does not do so, he must pay the full filing fee of $402.00 before any § 1983 action will proceed.

### § 2254 Relief from the Reno County Convictions

Next, to the extent that Petitioner seeks federal habeas relief from his Reno County convictions, this matter is an unauthorized successive application for habeas corpus relief. Petitioner contends in his current petition that his actual innocence and the violation of his rights constitute cause for his successive § 2254 claims. (Doc. 1, p. 2.) But as the Court has repeatedly explained to Petitioner, to bring a successive § 2254 petition and challenge his Reno County convictions, he must first obtain authorization *from the Tenth Circuit. See Strader v. Kansas*, 798 Fed. Appx. 222, 223 (10th Cir. 2019); *Strader v. Schroeder*, Case No. 20-cv-3002-SAC, Doc. 4; *Strader v. State*, Case No. 21-cv-3184-SAC, Doc. 5;

*Strader v. Kansas*, Case No. 21-cv-3275-SAC, Doc. 6.

This Court may transfer unauthorized successive § 2254 petitioner to the Tenth Circuit for possible authorization if the interest of justice requires. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). But as with Petitioner's previous successive § 2254 petitions, the Court concludes that no transfer is warranted because his federal habeas challenges to the Reno County convictions were dismissed in Case No. 19-3137 as time-barred. To the extent that Petitioner seeks to challenge his Reno County convictions, this Court lacks jurisdiction over such claims and they must be dismissed. If Petitioner wishes to seek the necessary authorization to proceed on successive § 2254 claims related to his Reno County convictions, he must request and obtain that authorization from the Tenth Circuit.

Thus, the Court will direct Petitioner to show cause why the § 2254 claims in this matter that relate to his Reno County convictions should not be dismissed with prejudice as successive claims over which this Court lacks jurisdiction.

### § 2254 Relief from the Johnson County Convictions

That leaves Petitioner's requests for federal habeas relief related to his Johnson County convictions. It does not appear that Petitioner has previously sought federal habeas relief from those convictions. However, the information now before the Court indicates that any such claims for relief are untimely filed, as explained below. Thus, the Court will direct Petitioner to show cause why his § 2254 claims related to his Johnson County convictions should not be dismissed as untimely.

Claims for relief under § 2254 are subject to the one-year

limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).[3] *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes and makes a judgment "final" when an individual has exhausted his or her

---

[3] Petitioner broadly alleges a *Brady/Jencks* violation as Ground Three (Doc. 1, p. 8), but he does not identify the evidence he asserts the State unconstitutionally withheld in his Johnson County case or explain when he learned of that evidence. Nor does he assert that 28 U.S.C. § 2244(d)(1)(B) should control the timeliness analysis. If Petitioner wishes, he may do so in his response to this order.

opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner was sentenced in Johnson County District Court on June 27, 2003. Because he was convicted after entering a guilty or no-contest plea, the applicable state statute in effect at the time prevented Petitioner from pursuing a direct appeal from his convictions. *See* K.S.A. 2003 Supp. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district court upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."). Thus, the one-year federal habeas limitation period began to run on June 28, 2003, the day after judgment was entered in the Johnson County District Court. It expired one year later, on June 28, 2004.

The AEDPA contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Liberally construing the petition, as is appropriate since Petitioner proceeds pro se, it asserts that between 2020 and 2022, Petitioner filed such an application with the Johnson County District Court. (Doc. 1, p. 3.)

The online records of the Johnson County District Court indicate that that on February 24, 2021, Petitioner filed in his underlying criminal case (No. 03CR389) a document entitled "Motion

to Present Constitutional Law Crimes against Defendant while in Custody." It is not clear, however, whether that is a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *See* 28 U.S.C. § 2244(d)(2). Even assuming solely for the sake of discussion that it is, it was not filed until February 2021, over 16 years after the time in which Petitioner could file a timely § 2254 petition expired. Accordingly, it appears that the current petition is time-barred.

The one-year federal habeas limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. In the portion of the petition related to timeliness, Petitioner asserts

the actual innocence exception applies in this matter. (Doc. 1, p. 13.) He broadly asserts that he is innocent and that "New Evidence of Innocen[ce] Is proven." *Id.* He then refers the Court generally to "all motions with Statement of Claims attached." *Id.*[4]

To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Pending Motions**

### Motion to Recuse (Doc. 4)

Petitioner has filed a "Motion to Recuse to Call Judges Sam A. Crow [and] J.W. Broomes as Material Witnesses" in which he seeks

---

[4] Relatedly, in the portion of the petition for identifying Ground One, Petitioner alleges that he is actually innocent. (Doc. 1, p. 5.) He asserts that the State used false evidence to convict him. *Id.* Whether this argument is intended to apply to the challenges to the Johnson County convictions is unclear. In any event the relevance of this evidence to an actual innocence argument related to the Johnson County convictions is doubtful, as those convictions were based on Petitioner's entry of a plea.

the undersigned's recusal because he intends to call the undersigned "as [a] material witness . . to testify . . State remedies were done." (Doc. 4, p. 1-2.) Petitioner alleges that this intention creates a conflict of interest. *Id.* at 2. Petitioner cites as legal authority "State Rule[s]" 111 and 211. Kansas state rules do not govern the recusal of a federal judge in a federal matter. Petitioner also cites *Ross v. Blake*, 578 U.S. 632 (2016), and *U.S. v. Solina*, 733 F.2d 1208 7th Cir. 1984).

Neither of the cases Petitioner cites involved recusal of a judge. "Although 28 U.S.C. § 445(b) requires recusal if a judge has personal knowledge of evidentiary facts or is likely to be a material witness, that statute does not apply to knowledge obtained in the course of related judicial proceedings." *In re Syngenta AG MIR 162 Corn Litigation*, 2019 WL 3801719, *7 (D. Kan. Aug. 13, 2019) (citing *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987)). "A judge has 'as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is.'" *Strader v. Kansas*, 2022 WL 943419, *2 (D. Kan. March 29, 2022) (unpublished memorandum and order) (citations omitted). Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's motion for recusal (Doc. 4), is denied.

### Motion to Present Documentation (Doc. 5)

Petitioner has filed a motion (Doc. 5), in which he seeks to present documentation that Respondent's attorney lied in state court and that Petitioner's attorney provided ineffective assistance of counsel in state proceedings. At this early point in these proceedings, where it is not yet determined whether this case

will survive the initial screening required of § 2254 petitions, this request is premature. To the extent that Petitioner's additional documentation is relevant to the analysis in this order to show cause, he may submit it with his response to this order. To the extent that the additional documentation is not relevant to the initial screening of this matter, it is not relevant at this time. The motion (Doc. 5) is denied without prejudice.

### Motion for Copies (Doc. 7)

Petitioner has filed a motion seeking copies of multiple documents filed in multiple case; he asks that the cost of the copies be assessed to Respondent. (Doc. 7.) Local Rule 79.1(b) governs access to court records and provides that "[t]he clerk will make and furnish copies of official public court records upon request and payment of prescribed fees." Petitioner does not explain why this rule does not govern his situation. Although Petitioner asserts that Respondent "stole" his copies of these documents, Petitioner has not established that these documents are relevant to the case now before this Court. And, as noted above, this matter appears subject to dismissal in its entirety. Accordingly, the motion for copies (Doc. 7) will be denied.

**Conclusion**

For the reasons set forth above, the petition currently before the Court is subject to dismissal in its entirety. Petitioner's § 1983 claims are subject to dismissal from this habeas action without prejudice to refiling them on the proper, court-approved form for a complaint under § 1983. Petitioner's § 2254 claims related to his Reno County convictions are subject to dismissal with prejudice as unauthorized successive claims over which this Court lacks

jurisdiction. And Petitioner's § 2254 claims related to his Johnson County convictions are subject to dismissal as time-barred unless Petitioner can demonstrate grounds for statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies.

Therefore, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety for these reasons. If Petitioner does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Chandler Cheeks, Warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner's motion to recuse (Doc. 4) is **denied,** his motion to present documents (Doc. 5) is **denied,** and his motion for copies (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including July 14, 2022, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed for the reasons stated herein. The Court will defer ruling on the motion to proceed in forma pauperis (Doc. 2) until Petitioner files his response to this order. The clerk of court shall transmit a form § 1983 complaint to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 14th day of June, 2022, at Topeka, Kansas.

                                              S/ Sam A. Crow

                                              SAM A. CROW
                                              U.S. Senior District Judge