```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JAMES C. STRADER,**

                     **Petitioner,**

       v.                                            CASE NO. 22-3114-SAC

**CHANDLER CHEEKS[1],**

                     **Respondents.**

## MEMORANDUM AND ORDER

This matter was filed on a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner James C. Strader, a Kansas prisoner proceeding pro se. After conducting an initial review of the petition, the Court issued a Notice and Order to Show Cause (NOSC) on June 14, 2022 directing Petitioner to show cause why the matter should not be dismissed. (Doc. 11.) Petitioner has filed a motion to dismiss without prejudice and seeking the federal criminal prosecution of respondents. (Doc. 12.) As explained below, the motion will be granted in part and denied in part.

**Background**

In this matter, Petitioner challenges his 2005 Reno County convictions and his 2003 Johnson County Convictions and seeks

---

[1] Petitioner takes issue with the Court's substitution of Chandler Cheeks as Respondent in this matter. (Doc. 12, p. 2.) As explained in the NOSC, the United States Supreme Court has ruled that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, the proper respondent in this matter is the warden of the facility where Petitioner is incarcerated, not the warden's supervisor. The case Petitioner cites in support was brought under 42 U.S.C. § 1983 and those cases follow different procedural rules than matters filed under § 2254.

1

compensation for alleged injuries he suffered while in custody. (Doc. 1, p. 1-2.) After an initial review of the petition, the Court issued a Notice and Order to Show Cause (NOSC) on June 14, 2022. (Doc. 11.) Highly summarized, it set forth Petitioner's extensive litigation history in this Court, then explained that Local Rule 9.1(a) requires prisoners to bring 42 U.S.C. § 1983 claims on an official, court-approved form for such claims. It also explained that the request for federal habeas relief from Petitioner's Reno County convictions constitutes an unauthorized successive application for habeas corpus relief over which this Court lacks jurisdiction. Finally, the NOSC noted that the requests for federal habeas relief related to his Johnson County convictions appeared untimely filed. Thus, Petitioner was directed to show cause why this matter should not be dismissed in its entirety.

**The Current Motion (Doc. 12)**

Petitioner has filed a motion to dismiss without prejudice and motion for order for federal criminal prosecution against Respondents. Throughout his response, Petitioner also makes multiple conclusory requests for action by this Court or statements that may be liberally construed as requests for action by this Court. But Petitioner has provided no legal authority to support his requests "For copy of Judges commission's Licenses and Last [illegible] To Provide to State Court's with Bar License Number's [*sic*]" and for an "order for criminal prosecution" based on alleged violations of state and federal law. (Doc. 12, p. 4, 6.) The Court knows of no legal authority that supports granting these requests in this habeas matter. Thus, these requests will be denied.

Petitioner also asks this Court "to hand down [an] order to send proper forms to request order" authorizing a successive § 2254 petition. (Doc. 12, p. 1-2.) This request will be denied. This Court does not have the authority to order the Tenth Circuit Court of Appeals to provide forms to Petitioner. Petitioner is free to independently seek the forms and the required authorization from the Tenth Circuit. The form to request authorization of a successive § 2254 petition is available on the Tenth Circuit's website at https://www.ca10.uscourts.gov/forms/all. In the alternative, Petitioner may write to the Tenth Circuit and ask for the form. In either event, Petitioner must obtain the form from the Tenth Circuit and return it to the Tenth Circuit in order to seek the required authorization.

Next, Petitioner moves for leave to voluntarily dismiss this matter "without Prejudice to Refile under Judges advisement." *Id.* at 6. Regarding motions for voluntarily dismissal of § 2254 cases, the Tenth Circuit has held:

> "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.' 'It is the prejudice to the [opposing party], rather than the convenience of the court, that is to be considered in passing on a motion for dismissal."

*Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).

Because Respondent has not yet become involved in this matter, which is currently in its initial screening stage, the Court concludes that Respondent will suffer no prejudice by granting Petitioner's motion for voluntary dismissal without prejudice. The Court emphasizes, however, that this dismissal being entered

"without prejudice" does not cure the apparent untimeliness of Petitioner's § 2254 challenges to his Johnson County convictions, nor does it remove Petitioner's obligation to obtain from the Tenth Circuit authorization to file a future § 2254 petition to challenge his Reno County convictions.

Because the Court will grant the request for voluntary dismissal, it will deny as moot Petitioner's pending motion for leave to proceed in forma pauperis (Doc. 2).

**IT IS THEREFORE ORDERED** that Petitioner's motion to dismiss without prejudice and motion for order for federal criminal prosecution against Respondents (Doc. 12) is **granted in part and denied in part**. This request for dismissal without prejudice is **granted** and this matter is **dismissed without prejudice**. All other requests in the motion are **denied**. Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED.**

DATED:  This 22nd day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

4